```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**CARLOS REYES,**

      **Movant,**

v.                                              **Case No. 2:00-cr-00109-01**
                                                 **Case No. 2:04-cv-00831**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Now pending before the court is Movant's letter/motion to supplement his motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (docket sheet document # 91). The letter is dated August 2, 2004; it was filed on August 6, 2004.

Movant, Carlos Reyes (hereinafter referred to as "Defendant"), is serving a twenty-year period of imprisonment upon his guilty plea and conviction for conspiracy to distribute cocaine, cocaine base, and marijuana, to be followed by a consecutive ten-year term for illegal re-entry by an alien after deportation for a heroin offense. (Judgment in a Criminal Case, entered January 10, 2001, # 37.) The District Court imposed a fine of $5,000, and a special assessment of $200.00. Id.

Defendant was accused of being part of a drug conspiracy in New York City which supplied a Charleston, West Virginia drug conspiracy headed by Calvin Dyess with cocaine, cocaine base, and

marijuana.

A notice of appeal was filed on January 19, 2001 (# 39), by Defendant's then-attorney, an Assistant Federal Public Defender. By Order entered December 21, 2001, the AFPD was relieved, and attorney Jacqueline A. Hallinan was appointed to represent Defendant (# 54). She filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).

While Defendant's appeal was pending and after briefs were filed, between April 29, 2002 and July 30, 2002, the United States filed "Disclosures" and four "Supplemental Disclosures" (## 58-62) with this Court's Clerk, pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), which were served on Ms. Hallinan. These Disclosures revealed wrongdoing by law enforcement officers responsible for the prosecution of Defendant's co-conspirators, Calvin Dyess, and others. See United States v. Dyess, 293 F. Supp.2d 675 (S.D. W. Va. Dec. 17, 2003). Three Disclosures were served prior to oral argument; two were served after oral argument but before the Fourth Circuit's decision was issued. A sixth Disclosure was served on November 5, 2002 (# 68), after the opinion was distributed, and before the mandate was issued.

Also while his appeal was pending, on September 3, 2002, Defendant filed a "Motion to Dismiss Count One pursuant to Rule 12(b)," which made no mention of the Dyess Disclosures. The

2

undersigned filed Proposed Findings and Recommendation that the presiding District Judge deny the Motion on March 28, 2003 (# 72). By Judgment Order entered July 21, 2003 (# 82), the Motion was denied.

Defendant's direct appeal was unsuccessful. United States v. Reyes, No. 01-4086, 49 Fed. Appx. 468, 2002 WL 31429879 (4th Cir. Oct. 31, 2002). He did not seek a writ of certiorari.

On February 11, 2004, Defendant filed a motion to extend the time to file a motion under 28 U.S.C. § 2255 (# 84), although he did not file a § 2255 motion. The undersigned filed proposed findings and recommendation that the motion to extend time be denied (# 85), to which Defendant objected (# 87). By Order entered May 26, 2004, the presiding district judge denied the motion to extend time (# 88).

On June 8, 2004, Defendant filed a motion for reconsideration of the Order entered May 26, 2004 (# 89). While that motion was pending, Defendant filed the instant letter/motion to supplement his § 2255 motion, which argues that the Supreme Court case of Blakely v. Washington, 542 U.S. ___ (2004), should be applied retroactively to his case. By Order entered September 3, 2004, the presiding district judge denied the motion for reconsideration (# 94).

Defendant never filed a motion under § 2255; accordingly, there is no pending motion under § 2255 to supplement. Therefore,

3

the undersigned will treat the motion to supplement as being a motion filed under § 2255.

A judgment of conviction becomes final for the purpose of starting the clock on § 2255's one-year limitation period when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. Clay v. United States, 537 U.S. 522, 525 (2003). Rule 13(1) of the Rules of the Supreme Court of the United States provides that "a petition for a writ of certiorari to review a judgment in any case, . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

The "judgment" in Defendant's appeal was filed on October 31, 2002. One year and 90 days after October 31, 2002 is January 29, 2004. Clearly, Defendant's instant motion, filed August 6, 2004, is well beyond the one-year limitation for filing a § 2255 motion, is untimely, and should be dismissed.

On January 12, 2005, the Supreme Court decided United States v. Booker, 125 S. Ct. 738, which reaffirmed the Court's holding in Apprendi, applied the holding in Blakely to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Booker holding

4

applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)). Defendant's case has concluded direct review and is final. Thus <u>Booker</u> does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

Six Circuit Courts of Appeals have ruled that <u>Booker</u> does not apply retroactively to cases on collateral review. In <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir. 2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral

review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

\* \* \* The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. \_\_\_ U.S. at \_\_\_, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, \_\_\_ U.S. \_\_\_, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither <u>Booker</u> nor <u>Blakely</u> appl[ies] retroactively to [a] collateral challenge." In <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. 2005), the Sixth Circuit ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In <u>United States v. Price</u>, 400 F.3d 844, 848 (10th Cir. 2005), the Tenth Circuit held that <u>Blakely</u> was a new rule of criminal procedure that was not subject to retroactive application on collateral review. In <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held that "<u>Booker</u> announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255 motions filed in cases which were final as of January 12, 2005.

Based on <u>McReynolds</u>, <u>Green</u>, <u>Varela</u>, <u>Humphress</u>, <u>Price</u>, <u>Rucker</u>, and <u>Lloyd</u>, the undersigned proposes that the presiding District

7

Judge **FIND** that Movant's conviction was final before Blakely and Booker were decided, and that neither Blakely nor Booker applies retroactively on collateral review.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's letter/motion to supplement and dismiss this case from the docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three (3) days (mailing) and ten (10) days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Carlos Reyes, and to counsel of record.

    July 13, 2005                               *Mary E. Stanley*
       Date                                    Mary E. Stanley
                                            United States Magistrate Judge